In the Matter of the General Assignment of HOLLYWOOD COM-
MISSARY, INC., Assignor, to NATHAN WEINTRAUB, Assignee.

Supreme Court, Special Term, Kings County, February 4, 1949.

*Samuel J. Kern* for assignee.

*Max Goldstone, Matthew M. Levy* and *Louis Cantor* for Louis
Nuten and others, claimants.

WALSH, J. The assignee moves to disallow certain wage
claims upon the ground that said claims have been paid.

The claims in question were not paid by the assignee or
assignor but were paid by a purchaser of the business when
the employees refused to work unless the purchaser made pay-
ment of the wages due. It is alleged that the purchaser made
the payments to the union upon the understanding that the wage
claims were assigned to him. No evidence of the assignment
has been submitted. The assignee claims that upon payment to
the employees, the claims lost their character as preferred claims.

Section 22 of the Debtor and Creditor Law states: " *   *   *
the wages or salaries actually owing to the employees of the
assignor or assignors at the time of the execution of the assign-
ment  *   *   *   shall be preferred before any debt   *   *   *.''
The court's attention has not been called to any cases construing
the effect of an assignment of a preferred wage claim, but a
mere reading of the section would seem to indicate that the

preference attaches to the *debt* and not to the *employee*. The language used indicates an intention to prefer the debt and not to make it personal to the employee.

The claim of the union for $82.50 due for welfare payments is disallowed as a preferred claim. This is not a claim for wages although the amount is computed by a percentage of wages. It is not deducted from the employees' wages but is merely a matter of contract between the employer and the union. Section 21-a of the Debtor and Creditor Law has no application as said section gives a preference to claims for pension funds where the fund is maintained by deduction from wages.

As hereinbefore indicated, no assignment of the wage claims has been filed. The motion to disallow them is granted unless proper assignments are filed within ten days after service of a copy of the order to be entered herein. If proper assignments are filed, a preference must be granted to said wage claim. Settle order.