In the Matter of the General Assignment for the Benefit of Creditors of WELL BILT Box SPRING CORPORATION, Assignor, to BERNARD BAYER, Assignee.

Supreme Court, Special Term, Kings County, May 11, 1949.

*William Zuckerman* and *Meyer Lindenbaum* for assignee.

*Weinstock & Tauber* for United Furniture Workers Insurance Fund, claimant.

MURPHY, J. The assignee for the benefit of creditors moves to disallow a claim for priority allegedly arising upon the following facts: The United Furniture Workers Insurance Fund filed a proof of claim in the sum of $480 for which priority was claimed. This sum represents an unpaid balance which accrued and became due to said claimant from the assignor for the period between September, 1947, up to and including April, 1948, under and pursuant to the terms of a collective bargaining agreement then in existence between the assignor and the Bedding, Curtain and Drapery Workers, Local 140, of the United Furniture Workers of America, CIO, wherein and whereby said assignor obligated itself to pay to said United Furniture Workers' Insurance Fund monthly premium for group welfare insurance amounting to 3% of the gross payroll. The claim for preference is opposed by the assignee on the ground that there is no provision in the Debtor and Creditor Law providing for priority of such claim; that under section 21-a of the Debtor and Creditor Law a priority would be granted if the moneys were contributed from wages or salaries of the employee or former employee under any retirement system or plan maintained or operated by a domestic corporation. In

other words, that the afore-mentioned section has reference to a pension plan and not to an insurance plan, and, secondly, that the moneys must be contributed by the employees and not by the employer.

In *Matter of Seaboard Furniture Mfg. Corp. (Frey)* (N. Y. L. J., July 22, 1948, p. 127, col. 5), Mr. Justice CORCORAN, passing upon a similar application, stated the assignor-employer assumed payment of group insurance contributions under the terms of the agreement; that this was part of the benefits or wages to be received by the employees in return for their services, and that the claim was entitled to preference. On the other hand, in *Matter of Hollywood Commissary, Inc. (Weintraub)* (195 Misc. 441, 442), Mr. Justice WALSH, in disallowing a similar claim for preference, held: " This is not a claim for wages although the amount is computed by a percentage of wages. It is not deducted from the employees' wages but is merely a matter of contract between the employer and the union." This court adopts the view enunciated by Mr. Justice WALSH as aforesaid and disallows the claim for priority. It may also be pointed out that the claim for priority is made not by the union or the employees but by the insurance carrier. The application of the assignee to settle his account is in all respects granted. Order signed.